# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARSHA LANIER MONTGOMERY,**
    **Plaintiff,**

v.        Case No. 18-CV-0324

**NORTHWESTERN MUTUAL,**
    **Defendant.**

## ORDER

Marsha Lanier Montgomery brings this action *pro se* against her former employer, Northwestern Mutual, alleging that she was fired "because she was over 50." *See* Compl., Docket No. 1, at 2. She "wants her job back and lost wages." *Id.* at 3. Montgomery moves to proceed without prepaying the filing fee (*in forma pauperis*) under 28 U.S.C. § 1915(a). I have reviewed her motion and will grant it.

Montgomery also moves to appoint counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Montgomery writes, "I am unable to pay an attorney and most want a retainer. I did reach out to a few but was told that the retainer need[s] to be paid in order to proceed." Docket No. 3. Whether this is sufficient to show a reasonable attempt to obtain counsel, Montgomery's filings so far suggest that she is competent to litigate this case herself, at least at this stage. Therefore, I will deny her motion to appoint counsel without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the court to order service by the Marshals Service because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the Marshals Service.

Plaintiff should provide defendant or its counsel with copies of all future motions or papers that she files in this action.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2018.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
District Judge